SAMUEL WALDMANN, Respondent, v. SKRAINKA CONSTRUCTION COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals.   Opinion Filed February 6, 1923.

1. **DECISIONS:** Ruling of Supreme Court: Personal Injury Case: Wife's Action: Contributory Negligence: Recovery Barred: Not Decisive of Question in Husband's Suit for Loss of Services, etc.: Wife Not a Witness. A decision by the Supreme Court, on appeal, that a wife was guilty of contributory negligence as a matter of law and not entitled to recover for personal injuries, which ruling was based on her testimony as a witness in her own behalf, is not decisive of that question in an action by her husband for loss of her services and society due to such injuries in which the wife was not a witness.

2. **NEGLIGENCE:** Excavations: Personal Injuries: Evidence: Proximate Cause: Failure of Proof. In an action for damages by a

Waldmann v. Skrainka Const. Co.

husband against a contractor on account of the loss of the society and services of his wife for injuries suffered, caused by her falling while walking over an excavation, due to the alleged negligence of defendant in that defendant in cutting a granitoid sidewalk left the edge thereof in a rough and jagged condition, etc., and failed to fence off the excavation as required by a city ordinance, even if plaintiff measured up to the burden of proof required of him in proving the necessary charges of negligence, and that he further proved the injuries to his wife resulting in the loss of her services and society to him, yet that in itself was not sufficient to make out a case to go to the jury, as plaintiff in addition bore the burden of showing a causal connection between the accident and the negligence charged.

3. ———: ———: ———: ———: ———: Causal Connection. While causal connection need not be shown by direct and positive evidence, but may be shown by other facts and circumstances, and that every reasonable inference must be indulged in favor of plaintiff in consideration of a demurrer to the evidence, yet the burden remains with the plaintiff throughout the case to establish by proof not only the fact of the negligence alleged, but also to show a direct connection between such negligence and the injury.

4. ———: ———: ———: ———: ———: Injury Resulting From One of Two or More Causes: Conjecture: Burden of Proof. In an action by a husband against a contractor for loss of services and society of his wife due to injuries caused by her falling while walking over an excavation, where the proximate cause of the wife's fall may have resulted from any one of two or more causes, for one of which and not the others the defendant is liable, and since plaintiff, who has the burden of proof of showing with reasonable certainty that the cause for which defendant is liable produced the result, has failed therein, *held* that plaintiff did not make out a case for the jury, and that defendant's demurrer to the evidence should have been sustained.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. M. Hartmann*, Judge.

REVERSED.

*M. U. Hayden* for appellant.

(1) Respondent is not entitled to recover in this case, and this judgment should be reversed without re-

manding the cause for another trial, for the following reasons: (a) The evidence wholly fails to establish any of the allegations of negligence in the petition, and likewise wholly fails to establish any negligence on the part of appellant resulting in the injuries sustained by respondent's wife. Bowman v. Car & Foundry Co., 226 Mo. 53; Chrismer v. Telephone Co., 194 Mo. 189; Hesslbach v. St. Louis, 179 Mo. 505. (b) The evidence wholly fails to establish any causal connection between any of the acts of negligence alleged in respondent's petition and the injuries sustained by respondent's wife. Stagg v. Coffee Co., 169 Mo. 489; Purcell v. Shoe Co., 187 Mo. 276; Harper v. Terminal Co., 187 Mo. 575; Kane v. Railroad Co., 121 Mo. 258; Waldmann v. Skrainka Construction Co., 233 S. W. 242; Cadwell v. Stove Co., 238 S. W. 415; Goransson v. Mfg. Co., 186 Mo. 300; Strother v. Railroad Co., 188 S. W. 1102; Swearingen v. Railroad Co., 221 Mo. 644. (c) If, as contended by respondent, Mrs. Waldmann's fall was accidental, and was due to her catching or striking her foot upon the edge of the sidewalk, it was nevertheless the direct result of her own failure to exercise ordinary care for her safety while performing the act of stepping from the alley to the sidewalk. Wheat v. City of St. Louis, 179 Mo. 572; Ryan v. Kansas City, 232 Mo. 471; Welch v. McGowan, 260 Mo. 709; Coffey v. City, 186 Mo. 573; Solomon v. Duncan, 194 Mo. App. 517; Waldman v. Skrainka Construction Co., 233 S. W. 242; Mockowik v. Railway, 196 Mo. 550. (2) Even though the court may not be convinced that appellant is entitled to a reversal of the judgment outright, said judgment should, nevertheless, be reversed and the cause remanded for another trial for the following reasons: (1) The trial court erred in admitting over the objection of appellant the ordinance mentioned in the petition, same being Ordinance No. 30013, section 1139. The language of the ordinance plainly indicates that it is not applicable to a situation like the one here involved, since Mrs.

Waldmann did not fall into the alley, and the evidence showed absolutely no causal connection between the failure of appellant to comply with said ordinance and the injuries sustained by Mrs. Waldmann. Kane v. Railroad Co., 251 Mo. 13; Harper v. Terminal Co., 187 Mo. 575; Purcell v. Shoe Co., 187 Mo. 276; Stagg v. Coffee Co., 169 Mo. 489; Roper v. Greenspon, 192 S. W. 149. (2) The trial court erred in overruling appellant's motion to discharge the jury and to declare a mistrial because of the conduct of the witness Nettie Japps while upon the witness stand. (3) The trial court erred in refusing to give and read to the jury instruction "C," requested by appellant, withdrawing from the consideration of the jury all reference to the city ordinance referred to above. See authorities cited under paragraph (1), subdivision 2. (4) The trial court erred in refusing to give and read to the jury instruction "A," requested by appellant. No duty was imposed by law upon appellant to illuminate the street in the vicinity of this alley, or to so illuminate the alley as to prevent injury to pedestrians, and respondent offered no testimony tending to establish negligence in that respect. (5) The trial court erred in refusing to give instruction "D," requested by appellant. Crane v. Street Railway, 246 Mo. 393; Cohn v. City, 108 Mo. 387; See authorities cited under paragraph (1), subdivision 2. (6) Because the trial court erred in giving and reading to the jury instructions numbered 1 and 2, at the instance of respondent. Instructions numbered 1 and 2 purported to cover the case for respondent and to submit his theory of liability and to direct a verdict in his favor. DeGonia v. Railroad, 242 Mo. 564; Parker v. Drake, 220 S. W. 1000; State ex rel. v. Ellison, 270 Mo. 645; State ex rel. v. Ellison, 272 Mo. 571; James v. Mott, 215 S. W. 913; Lorton v. Trail, 216 S. W. 54; Hall v. Coal & Coke Co., 260 Mo. 351; Bergfield v. Railways Co., 227 S. W. 106; Stumpf v. United Railways Co., 227 S. W. 852. (7) The trial court erred in giving and reading to the jury instruction No.

3, at the instance of respondent. Waldman v. Skrainka Construction Co., 233 S. W. 242 (and cases cited); O'Neil v. City of St. Louis, 239 S. W. 94 (and cases cited). (8) The trial court erred in giving to the jury instruction No. 4. Bank v. Baker, 193 S. W. 632; Forsee v. Zenner, 193 S. W. 975. (9) The trial court erred in reading to the jury instruction No. 5, at the instance of respondent, as that instruction submitted to the jury allegations of damage not established by the evidence. Brown v. Planing Mill Co., 217 S. W. 332; Moses v. Klusmeyer, 194 Mo. App. 634. The verdict in this case is excessive, and so excessive as to indicate prejudice on the part of the jury toward appellant, and to warrant another trial. Varley v. Taxicab Co., 240 S. W. 218 (and cases cited).

*Sale & Frey* and *Charles M. Hay* for respondent.

BECKER, J.—Defendant appeals from a judgment for $5750 recovered by plaintiff against the defendant on account of the loss of the society and services of his wife for injuries suffered due to the alleged negligence of the defendant.

It appears that on July 7, 1918 the defendant, under a contract with the city of St. Louis, was constructing a public alley running east and west parallel to and between Wells and Ridge avenues in said city; that the eastern end of the said alley intersected the west sidewalk of Hamilton avenue extending from the building line to the curb of said Hamilton avenue; that the defendant in constructing the alley removed the granitoid sidewalk at said intersection of the alley and the west sidewalk of Hamilton avenue for the width of the alley, namely, fifteen feet. At this point the alley had been dug to a depth of eleven inches for the width of the said sidewalk. The bed of the alley had been completed and was admittedly level and smooth. This excavation at the time plaintiff's wife met with her injuries was eleven inches deep—that is eleven inches below the surface of the granitoid sidewalk. This said excavation was fifteen

feet wide, namely, the width of the alley, and about twelve to fifteen feet long, namely, the distance from the curb to the property line. The granitoid sidewalk, which in itself was six feet wide, was cut across east and west along the line of the excavation straight down or perpendicular at each side of said excavation and the edges of the sidewalk thus cut were left exposed and were part of the north and south side of the excavation.

It is uncontroverted that at a point about where the alley joined the street pavement and in about the center of the excavation there was one red light burning. Defendant admits that there was no fence across the alley at either side thereof nor any cover or boards placed over the excavation from one sidewalk to the other and that the defendant had employed no watchman to warn or escort pedestrians across said alley.

Mrs. Waldmann, plaintiff's wife, a woman somewhat over sixty years of age, had attended a picture show on the evening in question at a point north of the said alley. At the conclusion of the performace she happened to meet her maid servant, Nettie Japps, and Mrs. Waldmann, together with the maid, started to walk to plaintiff's home which was some distance south and west of the alley under construction described above.

As Mrs. Waldmann and her maid walked south along Hamilton avenue and arrived at the north side of this alley both of them stepped from the sidewalk into the excavation in safety and walked southwardly across the alley in safety, the maid being directly ahead of Mrs. Waldmann. Upon reaching the south side of the alley the maid stepped from the bed of the alley to the sidewalk in safety and just as she had done so she heard Mrs. Waldmann scream and upon looking around found that Mrs. Waldmann had fallen onto the sidewalk on the south side of the alley and was lying there with her feet extending into the alley.

The following questions were asked and the following answers given during the examination of Mrs. Waldmann's maid testifying as a witness for plaintiff:

"Q. Now, when she fell there, did you do anything to ascertain why she fell? A. I wanted to find out what caused her to fall."

"Q. What did you do? A. I felt on the side and there was a stem sticking out of the sidewalk real pointed."

"Q. You say there was a sharp piece of sidewalk sticking out? A. Yes, sir."

"Q. Can you tell us from this picture about where Mrs. Waldmann was when she fell? Look at it and see if you can tell us."

"Mr. Hayden: Have her mark it."

"Mr. Frey: It is already marked (pointing to where the 'O' is on the picture)."

"Q. You say it was about where that 'O' is? A. Yes, sir."

At the said point marked "O" in the photograph of the alley taken after the said alley had been paved, and which photograph was introduced as an exhibit by plaintiff, which point was at the southeast corner of the granitoid sidewalk at the south side of the excavation of the alley, a small piece of the granitoid sidewalk was broken off. According to the maid's testimony Mrs. Waldmann's feet, when she found her, were "right down where that 'O' is." The maid testified further that the first she knew that Mrs. Waldmann had fallen was when she heard Mrs. Waldmann scream and looking around saw Mrs. Waldman lying on her right side with her back turned toward the walk with her right arm stretched to the east edge of the sidewalk and that her feet were right down at the point marked "O" upon the photograph. She further testified that the night was very dark; that she herself, however, had no difficulty in stepping up out of the alley at the south side of the excavation.

According to the testimony of J. A. Stiffelman, a witness for plaintiff, the defendant under its contract had to construct this alley past the sidewalk and it was

necessary for the defendant to cut out a portion of the old sidewalk; that the usual method of doing so was to cut a line with a cold chisel across the granitoid walk and break off the edges, and that his examination of the south side of the alley showed the defendant had cut the sidewalk in said manner and had endeavored to cut the sidewalk on a line with the alley and that the defendant had been partially successful therein; that this process of cutting however left "a ragged edge, of course;" that the edge of the granitoid sidewalk where it had been cut left irregularities extending from one-fourth inch to one inch in the line which resulted from breaking off the sidewalk with a cold chisel. This witness testified there was a piece of granitoid broken off the extreme southeast edge of the sidewalk.

John Friedman, a witness for plaintiff, testified that he was across the street when, hearing cries for help from either Mrs. Waldmann or her maid, he ran over to them and found Mrs. Waldmann lying on the ground. He helped her into a passing machine and aided in taking her home; that the next morning he passed by the alley where Mrs. Waldmann had fallen and examined the sidewalk at about the place where he had found her lying and that the south edge of the sidewalk was rough and a corner of the granitoid broken off at the southeast corner. This witness in answer to the question whether the night was a light or a dark night, answered that it was a light night.

Plaintiff also introduced in evidence a part of section 1139 of the Revised Code of the City of St. Louis, as follows:

"Section 1139. Excavations in Streets to be Fenced. —Every person who shall cause to be made any excavation in or adjoining any public street, alley, highway or public place, shall cause same to be fenced in with a substantial fence, not less than three feet high, and so placed as to prevent persons, animals or vehicles from falling into said excavation."

It is admitted that Mrs. Waldmann sustained a fracture of her left leg and other injuries.

At the conclusion of plaintiff's case the defendant interposed a demurrer to the evidence which the trial court refused. The defendant offered no testimony and the case was thereupon submitted to the jury and they returned a verdict for the full amount of damages prayed for in plaintiff's petition, namely, $5750. Defendant in due course appeals.

While plaintiff's petition contains twelve specifications of negligence the case was submitted to the jury only on the specifications therein numbered one, two, eleven and twelve.

Specifications one and two in effect allege that in cutting the granitoid sidewalk the defendant left the edge thereof in a rough and jagged condition and it thereby rendered said sidewalk dangerous to pedestrians; and specifications eleven and twelve are to the effect that defendant failed to fence off said excavation with a substantial fence three feet high as required by the Revised Code of the City of St. Louis. Defendant's answer was a general denial coupled with a plea of contributory negligence on the part of Mrs. Waldmann.

In Mrs. Waldmann's (plaintiff's wife) suit against the defendant, our Supreme Court held, on appeal, that she was guilty of contributory negligence as a matter of law and not entitled to recover. [Waldmann v. Skrainka Construction Co., 233 S. W. 242.] However, in that case the plaintiff (wife) testified as a witness in her own behalf and it was upon her own testimony that the Supreme Court ruled her to have been guilty of contributory negligence as a matter of law, while in the suit before us by the husband the wife was not a witness, It follows that said ruling of the Supreme Court as to the question of the contributory negligence of the wife as a matter of law is not decisive of that question on the record here. Nor need we in light of our view of another point raised in this case pass upon the question of plaintiff's wife contributory negligence.

While appellant seriously urges a number of assignments of error here, we have, after a careful consideration of the record before us, come to the conclusion that plaintiff has failed to prove that the negligence of the defendant was the proximate cause of Mrs. Waldman's injuries, and that, therefore, the learned trial court erred in overruling defendant's demurrer offered at the close of plaintiff's case. In light of this conclusion we direct our discussion to that point alone.

Conceding for the sake of argument but not deciding (for in light of the conclusion we have reached in this case it will not be necessary to decide) that the defendant company was guilty of negligence by reason of the violation of the requirements of the provisions of the ordinance of the city of St. Louis requiring excavations in or adjoining an alley to be fenced in with a substantial fence not less than three feet high, yet under plaintiff's own theory of his case it was incumbent upon him further to prove the defendant guilty of the charge of negligence that defendant cut the south edge of the sidewalk in such a manner as to leave the edge thereof rough and jagged and thereby rendered the sidewalk unsafe and dangerous to pedestrians. In support of this view we quote from respondent's (plaintiff below) brief: "The gravamen of the negligence" charged in plaintiff's petition was that "defendant created an excavation in a public sidewalk and in so doing had exposed and left exposed the jagged south edge of this sidewalk, thereby rendering the sidewalk in its then condition unsafe and dangerous to pedestrians, and that the defendant failed to guard in any way or to fence or warn the public of the existence of the danger." Thus it appears from plaintiff's own interpretation of his charge of negligence that but for the alleged negligence of the defendant in leaving the south edge of the sidewalk rough and jagged the accident to plaintiff's wife would not have occurred. But conceding, *arguendo,* that plaintiff has fully measured up to the burden of proof required of him

in proving the necessary charges of negligence against defendant and that he further proved the injuries to his wife resulting in loss of her services and society to him, yet that in itself was not sufficient to make out a case for plaintiff to go to the jury. Plaintiff in addition bore the burden of showing a causal connection between the accident and the negligence charged to make out a case for the jury.

While the rule is that the causal connection need not be shown by direct and positive evidence, but may be shown by other facts and circumstances, and that every reasonable inference must be indulged in favor of plaintiff in consideration of a demurrer to the evidence, yet it cannot be controverted but that the burden remains with the plaintiff throughout the case to establish by proof not only the fact of the negligence alleged, but also to show a direct connection between such negligence and the injury. As was stated in Byerly v. Light, Power & Ice Co., 130 Mo. App. l. c. 603, 109 S. W. 1067:

"Where the ultimate fact is not susceptible of direct proof, its existence must directly follow as a reasonable conclusion from its basic facts and circumstances, and it may be stated as an axiomatic rule that, whenever court or jury is left by the evidence in a situation where, in order to find the ultimate fact alleged, they must piece out the facts adduced with conjecture or supposition, the plaintiff must be held to have failed in his proof. Where the evidence shows the injury might have been caused by the negligent act, but in its aspect most favorable to plaintiff, is just as consistent with the inference that the injury might have been produced by another cause to send the case to the jury would be to accord them the right to make an arbitrary choice between equally probable, but unproved conclusions, and thus the verdict, if for the plaintiff, would be based, not entirely on evidence, but in part on mere speculation and conjecture. This would mean a reversal of the rule imposing the burden of proof on the plaintiff, since the de-

fendant in order to prevent the jury from making him the victim of conjecture, would be forced to assume the burden of showing that his negligence did not produce the injury. [Dunphy v. Stockyards Co., 118 Mo. App. 1. c. 516, 95 S. W. 301; Trigg v. Ozark Co., 187 Mo. 227, 86 S. W. 222; Goramssen v. Mfg. Co., 186 Mo. 300, 85 S. W. 338.]''

The above has been cited with approval by our Supreme Court en Banc in Kane v. Mo. Pac. Ry. Co., 251 Mo. 13, 1. c. 29, 157 S. W. 644.

This rule has been most aptly stated by our Supreme Court in the following language:

''In the philosophy of the law of actionable negligence the proof of negligence itself is but one step toward recovery. Another step is to show by direct testimony, or by the proof of such facts as logically create the inference, that the negligence proved proximately caused or contributed to the injury. The one step, without the other, is idle and might as well not be taken.'' [Harper v. St. Louis Merchants' Bridge Terminal Co., 187 Mo. 1. c. 586, 86 S. W. 102.]

Learned counsel for respondent argues with much earnestness that plaintiff made out a case for the jury; that from all the facts and evidence the jury could properly infer that plaintiff's wife in endeavoring to step back up onto the granitoid sidewalk at the south end of the excavation of the alley was tripped by the rough and jagged edges of the granitoid sidewalk and caused to fall and was thereby injured. To this, however, we cannot agree.

When we examine the evidence in the case we note that the maid, upon hearing Mrs. Waldmann scream and upon turning to look back, found Mrs. Waldmann lying upon the sidewalk with her feet extending over the walk into the alley. We have in addition the testimony to the effect that the edges of the granitoid walk at that point were rough and jagged and that the projections forming this rough and jagged edge were from one-

fourth to three-fourths of an inch in length. But there is not, however, a scintilla of evidence as to what caused Mrs. Waldmann to fall. The *crux* of plaintiff's case is thus left to conjecture. Whether Mrs. Waldmann in attempting to step out of the alley and up and onto the granitoid walk caught her foot in the hem of her skirt, causing her to trip and fall; or whether, perhaps Mrs. Waldmann failed to raise her foot high enough and struck her foot or her toe against the side of the granitoid walk resulting in her fall; or perchance the rough and jagged edge of the sidewalk in some manner was the proximate cause of her fall is left wholly in the realm of guess work and speculation.

Since in our view the proximate cause of Mrs. Waldmann's fall may have resulted from any one of two or more causes, for one of which and not the others the defendant is liable, and since plaintiff who has the burden of proof of showing with reasonable certainty that the cause for which defendant is liable produced the result, has failed therein, we must rule that plaintiff did not make out a case for the jury and that defendant's demurrer to the evidence should have been sustained. [Swearingen v. Ry. Co., 221 Mo. 644, 120 S. W. 773; Strother v. Ry. Co., 188 S. W. 1102; Goramssen v. Mfg. Co., 186 Mo. 300, 85 S. W. 338; Purcell v. Shoe Co., 187 Mo. 276, 86 S. W. 121; Kane v. Ry. Co., supra; Byerly v. Light, Power & Gas. Co., supra.]

The judgment will be reversed and as there is no evidence upon which to base a recovery we will not remand the cause.

*Allen, P. J.,* and *Daues, J.,* concur.